IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

SHIRLEY A. CRENSHAW                                             PLAINTIFF
809 Dearborn Avenue
Louisville, Kentucky 40211


                                        Case No. 3:17-CV-221-DJH

v.
                                        Judge David J. Hale


NATIONAL CREDIT SYSTEMS, INC.                                   DEFENDANTS
3750 Naturally Fresh Boulevard
Atlanta, Georgia 30349

        SERVE:      CT Corporation System
                    306 W. Main Street
                    Frankfort, Kentucky 40601
                    (BY CERTIFIED MAIL)

AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

        SERVE:      CSC-Lawyers Incorporating Service Co.
                    421 W. Main Street
                    Frankfort, Kentucky 40601
                    (BY CERTIFIED MAIL)

AND

TRANS UNION, LLC
555 W. Adams Street
Chicago, Illinois 60661

        SERVE:      The Prentice Hall Corporation System
                    421 W. Main Street
                    Frankfort, Kentucky 40601
                    (BY CERTIFIED MAIL)

AND

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

> SERVE:    CT Corporation System
>           306 W. Main Street
>           Frankfort, Kentucky 40601
>           (BY CERTIFIED MAIL)

** ** ** **

## VERIFIED COMPLAINT

Comes the Plaintiff, Shirley A. Crenshaw, by counsel, and for her Verified Complaint against the Defendants, National Credit Systems, Inc. ("NCS"), Equifax Information Services, LLC ("Equifax"), Trans Union, LLC ("Trans Union"), and Experian Information Solutions, Inc. ("Experian"), states as follows:

## I. PRELIMINARY STATEMENT

1.      This is an action for negligence, defamation and violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out of NCS's false reporting to Equifax, Trans Union and Experian, of an alleged delinquent debt of the Plaintiff, and Equifax's, Trans Union's and Experian's failure to correct NCS's false reporting on Plaintiff's Equifax, Trans Union and Experian credit reports.

## II. PARTIES

2.      Plaintiff, Shirley A. Crenshaw, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 809 Dearborn Avenue, Louisville, Kentucky 40211.

3.    Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4.    Defendant, NCS, is a Georgia corporation doing business in the Commonwealth of Kentucky with its principal place of business at 3750 Naturally Fresh Boulevard, Atlanta, Georgia 30349.

5.    NCS is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6.    Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

7.    Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8.    Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

9.    Defendant, Trans Union, is a limited liability corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

10.    Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

11.    Trans Union is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

12. Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Kentucky with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

13. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

14. Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. **JURISDICTION**

15. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants' doing business in Jefferson County, Kentucky.

### IV. **FACTUAL BACKGROUND**

16. In or around December 2016, Plaintiff, while in the process of seeking home mortgage financing, accessed her Equifax, Trans Union and Experian credit reports and discovered a derogatory entry furnished by NCS referencing an alleged debt to Park Duvalle Apartments in Louisville.

17. Plaintiff has never executed a lease agreement with Park Duvalle Apartments or resided at Park Duvalle Apartments.

18. Immediately upon her discovery of NCS' false and derogatory tradeline, Plaintiff filed disputes with Equifax, Trans Union and Experian regarding the NCS tradeline.

19. Upon information and belief, Equifax, Trans Union and Experian, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified NCS of the disputes at or within five

(5) days of Equifax's, Trans Union's and Experian's receiving notice of the disputes from Plaintiff.

20.     In January 2017, NCS, Equifax, Trans Union and Experian verified the alleged NCS collection account.

21.     Despite Plaintiff's lawful request for removal of the disputed item pursuant to the FCRA, NCS, Equifax, Trans Union, and Experian failed to remove the disputed items from Plaintiff's credit report.

22.     Upon information and belief, NCS, Equifax, Trans Union, and Experian did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following NCS, Equifax's, Trans Union's and Experian's receipt of Plaintiff's disputes.

23.     The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' false reporting of Plaintiff's alleged collections account.

## V.  CLAIMS

### Negligence – NCS

24.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 23 as if fully set forth herein.

25.     NCS's false reporting to Equifax, Trans Union, and Experian regarding the alleged collections account was negligent under applicable law.  In falsely reporting the alleged collections account, NCS breached its duty to Plaintiff to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

26.     NCS's false reporting to Equifax, Trans Union and Experian regarding the alleged collections account has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and

5

other compensatory and consequential damages.  NCS's false reporting to Equifax, Trans Union and Experian regarding the alleged collections account was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Equifax

27.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 26 as if fully set forth herein.

28.     Equifax's failure to remove NCS's false report of Plaintiff's alleged NCS collections account from Plaintiff's Equifax credit report, despite Plaintiff's lawful notices to Equifax of the falsity of the report, was negligent.

29.     In failing to remove the alleged collections account, Equifax breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

30.     Equifax's negligent failure to remove NCS's alleged collections account from Plaintiff's Equifax credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

31.     Equifax's failure to remove NCS's alleged collections account from Plaintiff's credit report, despite Plaintiff's lawful notices to Equifax of the falsity of the report, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Trans Union

32.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 31 as if fully set forth herein.

33.     Trans Union's failure to remove NCS's false report of Plaintiff's alleged collections account from Plaintiff's Trans Union credit report, despite Plaintiff's lawful notices to Trans Union

of the falsity of the report, was negligent. In failing to remove the alleged collections account, Trans Union breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

34. Trans Union's negligent failure to remove NCS's alleged collections account from Plaintiff's Trans Union credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

35. Trans Union's failure to remove NCS's alleged collections account from Plaintiff's credit report, despite Plaintiff's lawful notices to Trans Union of the falsity of the report, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Experian

36. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 34 as if fully set forth herein.

37. Experian's failure to remove NCS's false report of Plaintiff's alleged collections account from Plaintiff's Experian credit report, despite Plaintiff's lawful notices to Experian of the falsity of the report, was negligent.

38. In failing to remove NCS's false report of Plaintiff's alleged collections account, Experian breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

39. Experian's negligent failure to remove NCS's false report of Plaintiff's alleged collections account from Plaintiff's Experian credit report has caused, and continues to cause

7

damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

40.     Experian's failure to remove NCS's false report of Plaintiff's alleged collections account from Plaintiff's credit report, despite Plaintiff's lawful notices to Experian of the falsity of the report, was willful and wanton, entitling Plaintiff to punitive damages therefor.

## Defamation – NCS

41.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 40 as if fully set forth herein.

42.     NCS, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Equifax, Trans Union, and Experian, and other currently unknown individuals and/or entities who have accessed Plaintiff's Equifax, Trans Union, and Experian credit reports, that Plaintiff has a collection account with NCS. NCS's statements were false and were made with conscious disregard for the rights of the Plaintiff.

43.     NCS's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged collections account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

## Defamation – Equifax

44.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 43 as if fully set forth herein.

45.     Equifax, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, NCS and other currently unknown entities and/or individuals who have accessed Plaintiff's Equifax credit report, that Plaintiff has a collections account with NCS. Equifax's statements were false and were made with conscious

disregard for the rights of the Plaintiff.

46.     Equifax's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged collections account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Trans Union

47.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 46 as if fully set forth herein.

48.     Trans Union, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, NCS and other currently unknown entities and/or individuals who have accessed Plaintiff's Trans Union credit report, that Plaintiff has a collections account with NCS. Trans Union's statements were false and were made with conscious disregard for the rights of the Plaintiff.

49.     Trans Union's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due NCS account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Experian

50.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 49 as if fully set forth herein.

51.     Experian, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, NCS and other currently unknown entities and/or individuals who have accessed Plaintiff's Experian credit report, that Plaintiff has a collections account with NCS. Experian's statements were false and were made with conscious disregard for the rights of the Plaintiff.

52. Experian's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged collections account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act – NCS

53. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 52 as if fully set forth herein.

54. NCS's initial and continuing false reporting to Equifax, Trans Union, and Experian of Plaintiff's alleged collections account is a violation of NCS's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

55. NCS's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which NCS is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Equifax

56. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 55 as if fully set forth herein.

57. Equifax's failure to remove the disputed NCS account from Plaintiff's Equifax credit report despite knowledge of the falsity of the disputed item is a violation of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

58. Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit report within a reasonable time following Equifax's receipt of Plaintiff's dispute is a violation of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Negligent Violation of the Fair Credit Reporting Act – Trans Union

59.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 58 as if fully set forth herein.

60.    Trans Union's failure to remove the disputed NCS account from Plaintiff's Trans Union credit report despite knowledge of the falsity of the disputed item is a violation of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

61.    Trans Union's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit report within a reasonable time following Trans Union's receipt of Plaintiff's dispute is a violation of Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.  Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Negligent Violation of the Fair Credit Reporting Act – Experian

62.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 61 as if fully set forth herein.

63.    Experian's failure to remove the disputed NCS account from Plaintiff's Experian credit report despite knowledge of the falsity of the disputed item is a violation of Experian's duty

to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

64.    Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit report within a reasonable time following Experian's receipt of Plaintiff's dispute is a violation of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i. Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – NCS

65.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 64 as if fully set forth herein.

66.    NCS's initial and continuing false reporting to Equifax, Trans Union, and Experian of Plaintiff's alleged past due NCS account, despite NCS's knowledge of the falsity of its reporting, is a willful violation of NCS's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

67.    Given NCS's knowledge of the falsity of its reporting, NCS's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which NCS is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Equifax

68.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 67 as if fully set forth herein.

69.    Equifax's failure to remove the NCS account from Plaintiff's Equifax credit report despite Equifax's knowledge of the falsity of the disputed item is a willful violation of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

70.    Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute is a willful violation of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

71.    Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

**Willful Violation of the Fair Credit Reporting Act – Trans Union**

72.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 71 as if fully set forth herein.

73.    Trans Union's failure to remove the NCS account from Plaintiff's Trans Union credit report despite Trans Union's knowledge of the falsity of the disputed item is a willful violation of Trans Union's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

74.    Trans Union's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Trans Union's receipt of Plaintiff's dispute is a willful violation of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

75.     Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

**Willful Violation of the Fair Credit Reporting Act – Experian**

76.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 75 as if fully set forth herein.

77.     Experian's failure to remove the NCS account from Plaintiff's Experian credit report despite knowledge of the falsity of the disputed item is a willful violation of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

78.     Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Experian's receipt of Plaintiff's disputes is a willful violation of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

79.     Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Shirley A. Crenshaw, respectfully demands the following:

1.     Trial by jury on all issues so triable;

2.     Judgment against the Defendants for statutory, compensatory, consequential and

punitive damages;

3.     For attorneys' fees and costs; and,

4.     Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

*/s/David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, PSC
616 South Fifth St.
Louisville, Kentucky 40202
Tel. (502) 433-1060
Fax (502) 589-3004
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## **VERIFICATION**

I, Shirley A. Crenshaw, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Shirley A. Crenshaw

COMMONWEALTH OF KENTUCKY      )
                             ) SS
COUNTY OF JEFFERSON           )

Subscribed, sworn to and acknowledged before me by Shirley A. Crenshaw this 7th day of April _____, 2017.

_____
Notary Public

Commission expires: March 28, 2018

16